have suffered any actual prejudice. The determination of prejudice should focus on the conduct of the parties, such as: (1) the extent to which discovery has proceeded; (2) the expenses already incurred by the defendants; (3) how many times the plaintiffs have filed and then discontinued the litigation; (4) any hardship to the defendants by postponement of the litigation; (5) whether important evidence or testimony may be lost if the action is put in abeyance; (6) whether the guardians made a good-faith effort to advance the litigation after filing suit; and (7) whether the guardians have provided sufficient reasons why they wish to discontinue the litigation without prejudice.[4]

Accordingly, I dissent from the portion of the Majority's Opinion that directs the trial court to grant the Petition for Leave to Discontinue a Minor's Action.

John G. Knorr, Gerald J. Pappert, Harrisburg, for Com. of Pennsylvania.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

### ORDER

PER CURIAM.

**AND NOW**, this 27th day of November, 2000, the order of the Superior Court is **AFFIRMED**. *Erie v. Pap's A.M. t/d/b/a/ Kandyland,* 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

Justice NEWMAN did not participate in the consideration or decision of this case.

**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Julie Renee MAKER, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2000.
Decided Nov. 27, 2000.

Lawrence J. Casella, Pittsburgh, for Julie Renee Maker.